Michael A. LAFOND, Plaintiff,

v.

Ramon L. GRAY, Individually and in his capacity as Warden of the Wisconsin State Prison and Sanger B. Powers, Individually and in his capacity as director of the Division of Corrections, Department of Health and Social Services of the State of Wisconsin, Defendants.

No. 73-C-606.

United States District Court,
E. D. Wisconsin.

March 12, 1974.

Michael A. LaFond, pro se.

Robert W. Warren, Wis. Atty. Gen. by Robert D. Rapasky, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this 42 U.S.C. § 1983 action is an inmate of the Wisconsin State Prison. The defendants are the prison warden and the director of the state divison of corrections. Presently before the court are the plaintiff's motions for a temporary restraining order and preliminary injunction and an order compelling production of documents. Both motions must be denied.

The primary relief sought in this action is a declaration that "the conditions and restrictions under which plaintiff must serve his sentence violate plaintiff's rights granted by the Constitution and laws of the United States and the Constitution and Statutes of the State of Wisconsin". Also sought are orders

permanently enjoining the continuation of such conditions and restrictions and directing that a "safe place" be provided for the service of the plaintiff's sentence.

According to the complaint, the plaintiff was classified "administrative segregation, first grade" at his own request. His request was based on his prior association with law enforcement agencies as a paid informant, and his fear, based on that association, that he would be in danger if placed in the general prison population. He does not claim that segregation status is punitive, but only that one is denied rights and privileges by virtue of that status which are available to the general inmate population.

An appendix to the complaint lists some of the claimed rights and privileges allegedly denied, including: the rights to earn extra good time, to participate in religious services, to have legal assistance from other prisoners and to earn money; and the privileges of using recreational facilities, participating in hobby programs, qualifying for a "work release program" and acquiring further education. He also charges that opportunities for parole and transfer to other institutions are impaired.

In an affidavit supporting his request for injunctive relief, the plaintiff states that following the commencement of this action he was removed from his administrative segregation status. He admits that the administrative segregation facility was closed because of the inefficiencies flowing from its low population. He states that he chose his present status, "unassigned", from the three alternatives made available to him: unassigned, unspecified work assignment or first grade segregation in the segregation building. The last alternative, which would allow protection from the general population, was not elected because the plaintiff believed it would further restrict his activities. Nothing is said with respect to the second choice.

The plaintiff claims that he is now in constant danger of prisoner assaults and abuse. He seeks an order, therefore, which would direct the defendants to continue protection for the plaintiff to the extent it existed while he was in administrative segregation, but without further limiting his activities.

The defendants reply that the plaintiff will be afforded the protection that is associated with segregation for as long as he wants it. They also urge that they have no intention of affirmatively restricting the plaintiff's activities. It is contended, however, that some curtailment of activities must exist in any segregation facility available, in order that the purposes of segregation can be accomplished. They deny that the limitations are as extensive as the plaintiff claims. Thus, the defendants are willing to give the plaintiff the protection of segregation status with the restrictions applicable, or his freedom to join the general population with, apparently, no special protection. They refuse, however, to place him in segregation status yet still release him from the restrictions associated with that status and believed necessary to implement it.

It is clear that the motion raises, although in reverse fashion, the same issue that is at the crux of the action, that is, whether the plaintiff has a right to the benefits of segregated status without the detriments. Considering the defendants' claim that the restrictions are necessary to insure protection, and the deference which must be paid to prison officials' decisionmaking, Miller v. Twomey, 479 F.2d 701 (7th Cir. 1973), I am unable to say that the plaintiff has demonstrated a probability of ultimate success on the merits. Furthermore, in view of the option available to the plaintiff to accept segregation and protection, and the court's ability to fashion a substantial remedy should the plaintiff ultimately prevail, I do not believe that he is threatened with signifi-

cant irreparable harm. Consequently, his motion must be denied.

The discovery sought to be compelled involves a request for the defendants to produce a dictaphone recording of the plaintiff's November, 1973, parole hearing, and a request for "all rules, regulations and policy directives of the Division of Corrections, Department of Health and Social Services of the State of Wisconsin pertaining to Administrative Segregation at the Wisconsin State Prison". The former request is objected to as irrelevant, the latter as being too burdensome.

■ Rules 6.01 and 6.02 of the local rules of this district are designed to insure that the parties' arguments and supportive materials are presented to the court to assist in resolving motions. The burden is on the movant, and his action triggers responses which would never become due if the movant failed to act. Consequently, if the movant fails to follow the local rules, the court often is unable to decide intelligently and fairly. In such a case, equity demands that the motion be denied for failure to meet the movant's burden.

■ Such is the case here. The defendants' objections cannot be said to be clearly meritless anymore than they can be found clearly persuasive. I have not been advised as to the claimed relevance of the dictaphone recording nor as to the degree of difficulty in assembling and providing the rules, regulations and directives. The absence of this information stems directly from the plaintiff's failure to comply with the local rules, despite the fact that he was advised of those rules and given an extension of time to satisfy them. Thus, his motion to compel discovery must also be denied.

Therefore, it is ordered that the plaintiff's application for temporary and preliminary injunctive relief be and hereby is denied.

It is further ordered that the plaintiff's motion for an order compelling discovery be and hereby is denied.